UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DEAN E. BERGSTRESSER,  1: CV : 00-1713
    Petitioner,
                            CIVIL ACTION NO.
  v.
                            00-CV-_____
ROBERT SHANNON, Superintendent,
SCI Mahanoy; DISTRICT ATTORNEY           FILED
of Potter County; and the ATTORNEY      SCRANTON
GENERAL of Pennsylvania,
                            SEP 26 2000
    Respondents.
                           PER _____
                             DEPUTY CLERK

**Name of Petitioner:** Dean E. Bergstresser
**Prisoner No.:** DE-5044
**Place of Confinement:** SCI Mahanoy, Frackville, PA

<u>**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**</u>

1. **Name and location of court which entered the judgment of conviction under attack.** Court of Common Pleas, Potter County, Pennsylvania; Coudersport, PA (John B. Leete, J.), Crim. Div. No. 67 of 1996.

2. **Date of judgment of conviction.** Sentence imposed February 5, 1997; Judgment signed and filed June 25, 1997, upon denial of post-sentence motions. Verdicts returned December 13, 1996.

3. **Nature of offenses involved (all counts)** Convicted of: involuntary manslaughter, 18 Pa.C.S. § 2504; aggravated assault, 18 Pa.C.S. § 2702(a)(1); reckless endangerment, 18 Pa.C.S. § 2705; homicide by vehicle, 75 Pa.C.S. § 3732; homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S. § 3735(a); driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1),(4),(5)(i); limitation on backing, 75 Pa.C.S. § 3702(a). Acquitted of higher degrees of homicide, 18 Pa.C.S. §§ 2501-2503.

4. **Length of Sentence.** Eight to seventeen years' imprisonment, consisting of five to ten years for aggravated assault, and three to seven years consecutive for homicide by vehicle while driving under the influence of alcohol; plus costs of the proceedings and restitution of $2810. Defendant was further sentenced to pay a $25 fine plus costs on the traffic offense, to attend safe driving school, and to receive substance abuse counseling. No sentences on merged counts (involuntary manslaughter, reckless endangerment, homicide by vehicle, driving under the influence, and unlawful backing up).

5.  **What was your plea?**  Not Guilty

6.  **Kind of trial.**  Trial by jury of twelve.

7.  **Did you testify at the trial?**  No

8.  **Did you appeal from the judgment of conviction?**  Yes

9.  **If you did appeal, answer the following:**

    (a) **Name of court:** Superior Court of Pennsylvania.

    (b) **Result:** Affirmed, No. 1583 PGH 97, noted at 734 A.2d 432 (table)

    (c) **Date of result:** Nov. 17, 1998 (reargument denied, Jan. 28, 1999), all. app. denied, 559 Pa. 687, 739 A.2d 1054 (June 24, 1999) (No. 157 W.D.Alloc. 1999)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or other motions with respect to this judgment in any court, state or federal?  No.

11. If your answer to 10 was "yes," give the following information:  D/N/A

12. State concisely every ground on which you claim that you are being held unlawfully.

    A.  **Ground one:**  Petitioner has been and is being deprived of his liberty in violation of the due process clause of the Fourteenth Amendment, as the evidence at trial was insufficient to convict him of the offense of vehicular homicide while DUI, 75 Pa.C.S. § 3735(a).

    **Supporting FACTS:**  After fighting in a bar with the decedent, his girlfriend, petitioner drove off in his truck with the girlfriend as a passenger.  Both were intoxicated.  The decedent exited the truck as it was moving, landing head first on the pavement.  Petitioner returned the short distance to the spot where his girlfriend had fallen, driving the truck slowly in reverse.  Somehow (whether intentionally, recklessly, or accidentally was at the heart of the trial), a rear wheel of the truck ran over the decedent as it was backing.  After stepping out of the truck to try to see what was going on, petitioner then got back in.  He shifted to a forward gear, and the same wheel ran over the decedent again.  The evidence did not show beyond a reasonable doubt that the decedent's death was "the result of a violation of section 3731 [of title 75, Pa.C.S.] (relating to driving under the influence of alcohol or controlled substance)," nor that petitioner's § 3731 violation

was "the cause of death," both of which are elements of the offense under § 3735(a).

**B. Ground two:** Petitioner has been and is being deprived of his liberty in violation of the due process clause of the Fourteenth Amendment, incorporating the double jeopardy clause of the Fifth Amendment, by the separate convictions and consecutive sentences on aggravated assault, 18 Pa.C.S. § 2702(a)(1), and vehicular homicide while DUI, 75 Pa.C.S. § 3735(a). The conviction and sentence on the "lesser" offense, aggravated assault, must be vacated.

**Supporting FACTS:** At trial, petitioner was convicted of both aggravated assault and vehicular homicide while DUI, and at sentencing received consecutive terms of imprisonment on these counts. Aggravated assault, in the form in which petitioner must have been convicted of it, is the "same offense" (that is, a lesser included offense), for double jeopardy purposes, as involuntary manslaughter (as assault is of any degree of homicide when the death of the victim results), which in turn (as the trial court recognized) is a lesser included offense of vehicular homicide while DUI.

**C. Ground three:** Petitioner has been and is being deprived of his liberty in violation of the due process clause of the Fourteenth Amendment, as the jury's verdict convicting him of aggravated assault, 18 Pa.C.S. § 2702(a)(1), is logically inconsistent with the same jury's verdict convicting him of involuntary manslaughter under 18 Pa.C.S. § 2504.

**Supporting FACTS:** At trial, petitioner was convicted of both aggravated assault and involuntary manslaughter. Malice is an element of the assault offense under § 2702(a)(1) ("recklessly under circumstances manifesting extreme indifference to the value of human life"), while involuntary manslaughter under § 2504 is defined, in pertinent part, as the killing of another person without malice.

**D. Ground four:** Petitioner did not enjoy the effective assistance of counsel at trial, because his attorney failed to satisfy state law requirements for the introduction of evidence of the victim's level of intoxication.

**Supporting FACTS:** The decedent's blood alcohol level at the time of her death was at least .20, significantly higher than petitioner's. Defense counsel briefly attempted to introduce this fact into evidence, but failed to accomplish his goal due to lack of familiarity with controlling state case law on the prerequisites and procedure for doing so. Had the jury known this critical information, there is a reasonable probability that one or more jurors would have entertained at least a reasonable doubt as to whether the cause of death was the decedent's own act of attempting to exit a moving vehicle, rather than petitioner's act of backing up his truck to return to the scene of where she fell.

E.  **Ground five:**  Petitioner did not enjoy the effective assistance of counsel at trial, when his attorney failed to object to the presentation of testimony at trial by the elected District Attorney of the County, commenting adversely on petitioner's credibility, implying the existence of facts not in evidence, and vouching for the reliability of the Commonwealth's investigation of the matter.

**Supporting FACTS:**  The District Attorney of Potter County personally went to the hospital on the night of the incident (March 17, 1996) and interviewed petitioner after administering *Miranda* warnings.  At trial, under examination by his assistant D.A. and after being identified as the District Attorney, the witness testified that he was already "somewhat familiar with Mr. Bergstresser," that he "didn't believe from ... what I had learned from the coroner that the accident happened the way Mr. Bergstresser said it did," and that "to me it didn't ring true what he was telling."  He added that "We certainly don't file those charges [including first degree murder] lightly.  It was only after substantial investigation that the charges were in fact filed."  Defense counsel failed to object or to move to strike any of this testimony.

13.  If any of the grounds listed in paragraphs 12A, B, C, D and E were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them.  All claims were previously presented on direct appeal.

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? No.

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing
Joseph Marasco, Esq.
Friedman and Marasco
502 Hooker-Fulton Bldg.
Bradford, PA  16701

(b)  At arraignment and plea   same
(c)  At trial:  same
(d)  At sentencing   same

    **(e) On appeal.**
John C. Dowling, Esq.
James H. Cawley, Esq.
Rhoads & Sinon LLP
Dauphin Bank Bldg., 12th Fl.
One South Market Square
P.O. Box 1146
Harrisburg, PA  17108-1146

    **(f) In any post-conviction proceeding:** D/N/A

    **(g) On appeal from any adverse ruling in a post-conviction proceeding:** D/N/A

**16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?** Yes.

**17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?** No.

    WHEREFORE, petitioner prays that the Court:
    (1) Enter an order directing the respondent to show cause before this Court within twenty days why a Writ of Habeas Corpus should not be issued;
    (2) After full consideration on the merits, issue the writ of habeas corpus, releasing him from the respondents' custody unless the Commonwealth of Pennsylvania vacates his convictions or grants him a new trial thereon; and
    (3) Grant petitioner such other or further relief as law and justice require.

Dated: September 19, 2000

Respectfully submitted,

JOHN C. DOWLING
JAMES H. CAWLEY
RHOADS & SINON LLP
Dauphin Bank Bldg., 12th Fl.
One South Market Square
P.O. Box 1146
Harrisburg, PA  17108-1146

By: PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA  19003-2276

(610) 649-8200

<u>Attorneys for Petitioner</u>

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_to be supplied_
Petitioner

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEAN E. BERGSTRESSER

**DEFENDANTS**

SUPERINTENDENT, SCI MAHANOY, DISTRICT ATTORNEY OF POTTER COUNTY, and ATTORNEY GENERAL OF PENNSYLVANIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Potter
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter Goldberger
Law Office of Peter Goldberger
50 Rittenhouse Place
Ardmore, PA 19003

ATTORNEYS (IF KNOWN)
District Attorney of Potter County
Harrisburg, PA

1: CV 00-1713

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | ☒ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 2254 Petition for Writ of Habeas Corpus by a Person in State Custody.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

DEMAND $ Release from Custody

JURY DEMAND: ☐ YES ☒ NO

CHECK YES only if demanded in complaint

## VIII. RELATED CASE(S) (See instructions): IF ANY   NONE

JUDGE _____   DOCKET NUMBER _____

DATE   9/21/2000

SIGNATURE OF ATTORNEY OF RECORD   /s/ Peter Goldberger

FOR OFFICE USE ONLY