

FILED
HARRISBURG

DEC 0 5 2000

MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DEAN E. BERGSTRESSER,                    :

      Petitioner, :

                           **CIVIL ACTION**
    v.                   :        **NO. 00-CV-1713**
                       :

ROBERT SHANNON, Superintendent,     :     (Smyser, U.S.M.J.)
    etc., et al.,                    :

      Respondents.                    :

PETITIONER'S REPLY AND TRAVERSE
TO RESPONDENTS' ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

      Petitioner Dean E. Bergstresser is serving an aggregate sentence of eight to seven-teen years' imprisonment at SCI Mahanoy for homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S. § 3735(a), and related charges. On September 22, 2000, he filed a petition in this Court for a writ of habeas corpus, under 28 U.S.C. § 2254. By Order dated October 23, this Court directed the respondents to file an answer to the petition by November 3, which they did on November 6, 2000 (according to the docket). The answer denies petitioner's entitlement to relief on the merits. The answer also claims the petition was not timely filed. It is unclear whether the respondents admit that peti-tioner has exhausted available state remedies (see Ans. ¶13 & prayer for relief at 5-6), or that he has not (see Ans. at 5). Pursuant to 28 U.S.C. § 2248 and this Court's Order dated November 22, 2000, the petitioner now replies to the respondents' Answer. For the

following reasons, the petition should be granted.[1]

## I. BACKGROUND OF THE CASE

<u>Procedural history</u>:  After a trial by jury at which the Commonwealth proceeded on a murder theory, petitioner Dean E. Bergstresser was convicted on verdicts returned December 13, 1996, of involuntary manslaughter, 18 Pa.C.S. § 2504; aggravated assault, 18 Pa.C.S. § 2702(a)(1); reckless endangerment, 18 Pa.C.S. § 2705; homicide by vehicle, 75 Pa.C.S. § 3732; homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S. § 3735(a); driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1), (4), (5)(i); and limitation on backing, 75 Pa.C.S. § 3702(a).[2]  The jury acquitted him of the higher degrees of homicide, 18 Pa.C.S. §§ 2501-2503.  Judge John B. Leete imposed sentence on February 5, 1997.  Although petitioner had been on bail since shortly after his arrest and until sentencing, bail pending appeal was denied.  The total sentence is 8 to 17 years' imprisonment, consisting of 5 to 10 years for aggravated assault, and 3 to 7 years consecutive for homicide by vehicle while driving under the influence of alcohol.[3]

Upon denial of post-sentence motions, the judgment was signed and filed June 25, 1997.  Petitioner took a direct appeal from the judgment of conviction to the Superior Court of Pennsylvania.  That court affirmed the conviction and sentence on Nov. 17, 1998 (No. 1583 PGH 97, 734 A.2d 432 (table); Resp. Ans. Exh. E.  Further review was denied by both the Superior Court (reargument denied, Jan. 28, 1999), and state supreme court.

---

[1] By Order dated and filed November 21, 2000, on consent of the parties pursuant to Fed.R.Civ.P. 73(b), Judge Caldwell referred this case to the assigned United States Magistrate Judge for all further proceedings, including the entry of judgment.

[2] The case was No. 67 of 1996 in the Criminal Division of the Court of Common Pleas, Potter County, Pennsylvania, sitting at Coudersport.

[3] Petitioner was also sentenced to pay the costs of the proceedings and restitution of $2810.  Defendant was further sentenced to pay a $25 fine plus costs on the traffic offense, to attend safe driving school, and to receive substance abuse counseling.  No sentences were imposed on the counts that Judge Leete deemed to merge (involuntary manslaughter, reckless endangerment, homicide by vehicle, driving under the influence).

All. app. denied, No. 157 W.D.Alloc. 1999, 559 Pa. 687, 739 A.2d 1054 (June 24, 1999) (Resp. Ans. Exh. J). Mr. Bergstresser did not petition the U.S. Supreme Court for review, nor did he seek post-conviction review in the state courts of Pennsylvania.

As the respondents admit, Resp. Ans. ¶13, the issues raised on direct appeal included the issues now raised in this federal habeas corpus petition.

Statement of Facts: According to the Superior Court's summary, the facts at trial, in the light most favorable to the Commonwealth, established that:

> On the evening of March 17, 1996, appellant and the victim [Melissa Campbell], then boyfriend and girlfriend, got into a fight with one another in a local bar. Once outside the bar, their fighting turned physical with each of them striking the other. The two left the bar together in appellant's vehicle [at about 1 a.m. on the 18th;] however, their fighting did not cease. En route to Austin, Pennsylvania, appellant stopped. Both he and the victim exited the vehicle, carrying their argument outside and onto the roadway. [Somehow, Ms. Campbell was then lying on the pavement behind Mr. Bergstresser's truck.] It was at this time appellant returned to the vehicle, put it in reverse and ran over the victim. Appellant then stopped the vehicle, shifted gears and ran the victim over again, this time moving the vehicle forward.

Exh. E (Mem.Op. J.A50006/98), at 2. Mr. Bergstresser was intoxicated. To a neighbor who came to the scene, to the state trooper who arrived soon thereafter, to his minister whom he asked to come to him at the hospital, and to District Attorney Leber himself, who arrived at the hospital at around 3:30 a.m. and conducted an interrogation of Mr. Bergstresser, he said the same thing: that Ms. Campbell had jumped from the vehicle when it was moving and that her death was an accident, caused when he backed the truck up to find her. There was no eyewitness to the incident on the roadway, although the neighbor who came promptly to the scene found Mr. Bergstresser, distressed, leaning over the victim's body.

## II. PETITIONER IS ENTITLED TO RELIEF

Because the respondents' procedural defenses have no merit, and petitioner's claims are well founded in fact and law, relief should be granted.

A.  The Petition Was Timely Filed.

The Answer claims that Mr. Bergstresser's petition was not filed with this Court

until September 26, 2000, and on that basis that the filing was untimely under 28 U.S.C.

§ 2244(d)(1), the one-year statute of limitations created by the Antiterrorism and Effec-

tive Death Penalty Act ("AEDPA").  This contention appears to be based on an

unfortunate error in this Court's docket, which gives September 26 as the filing date.

Exh. P-1.  While the respondents' erroneous contention is therefore understandable, it

has no merit because it is factually mistaken.

The parties are in agreement that Mr. Bergstresser's conviction became final, for

purposes of accrual of the AEDPA statute of limitations, on September 22, 1999, 90 days

after June 24, 1999, when the Pennsylvania Supreme Court denied allowance of appeal

on his direct appeal, and the time during which he could file a petition for certiorari in

the Supreme Court of the United States then ran out.  Swartz v. Meyers, 204 F.3d 417,

419 (3d Cir. 2000); Kapral v. United States, 166 F.3d 565 (3d Cir. 1999).  The habeas

petition was therefore due for filing in this Court not later than September 22, 2000.

The petition was in fact "filed" on the due date because it was received by the

Clerk of this Court, at the Harrisburg office, on that day.  Exhibit P-2 to this Reply is a

copy of the Clerk's cash register receipt for the $5 filing fee, dated September 22.  Exhibit

P-3 is a copy of the "Prisoner Correspondence Log Sheet" for that same date from the

Clerk in Harrisburg, showing receipt of the petition.  It is the understanding of

undersigned counsel, based on conversations with Clerk's Office personnel, that the

docket sheet shows a filing date of September 26 only because the formal filing and

creation of an electronic docket occurred in Scranton on that day.  Indeed, it appears that

the file actually arrived in Scranton on the 22nd, as the register receipt says "Scranton."

The original petition should, as a matter of policy and practice at least have been stamped

"received," if not "filed," in Harrisburg before being transferred to Scranton, or at least

docketed in Scranton on receipt on the 22nd, but for some reason it was not.  See Fed.R.

-4-

Civ.P. 6(d)-(e), 79(a).  In any event, the docket's stated September 26 filing date is a clerical error.[4]  The true filing date was September 22, 2000, and the petition was there-fore not filed outside of the statute of limitations.

### B.  Petitioner Has Exhausted Remedies, as Required by Law.

Section 2254(b) of title 28, U.S.C., requires that a state prisoner present his federal constitutional claims to the state courts before bringing them before this Court on habeas.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Evans v. Court of Common Pleas, 959 F.2d 1227, 1231-32 (3d Cir. 1992), cert. dismissed, 464 U.S. 1048 (1984).  Respondents admit (Ans. ¶13) that all the issues presented in Mr. Bergstresser's petition "were previously presented on direct appeal."  Pet. ¶13.  The respondents' concession of exhaustion amounts to an express waiver of the non-jurisdictional, affirmative defense of failure to exhaust.  Such a waiver is specifically recognized in the AEDPA as being sufficient to end the exhaustion inquiry.  See 28 U.S.C. § 2254(b)(3) ("State shall not be deemed to have waived the exhaustion require-ment or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement"); see also Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997, as amended 1998).

Yet respondents' Answer also states:

> Petitioner has failed to exhaust his post conviction remedies available to him under the Laws [sic] of the Commonwealth of Pennsylvania, as provided for under 42 Pa.C.S.A. Section 9541 et seq., the Post Convic-tion Relief Act.  The PCRA remedy provides that a Petitioner shall have the right to file a PCRA Petition within one year of the date that his judgement [sic] becomes final.  Petitioner has failed to exhaust his potential PCRA remedies on all issues within his petition, specifically including his ineffectiveness of counsel claim.

Ans., at 4.  As respondents filed no memorandum of law in support of their Answer, it is

---

[4] For clarity of future reference, the Court may wish to enter an Order under LCR 79.1 directing that the date of the first entry on the civil docket of this case be corrected to read "September 22, 2000."

unclear what legal conclusion the respondents would have the Court draw from this seeming contradiction.

If respondents mean to suggest that a petitioner must present his federal issues both on direct appeal and on state collateral attack in order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), they are wrong. Roberts v.LaVallee, 389 U.S. 40, 42-43 (1967) (per curiam) (exhaustion doctrine does not require any federal claim to be "fairly presented" to state courts more than once). On direct appeal to the Superior Court, petitioner claimed, raised and preserved four issues, all of which are or subsume the five federal constitutional issues presented in the instant federal petition. Ans. Exh. B, at 5.[5]

If the respondents mean to say that certain aspects of petitioner's habeas claims, particularly those mentioning ineffective assistance of counsel, were not encompassed by his direct appeal, they are also wrong. Mr. Bergstresser was represented by new counsel on direct appeal (who remain co-counsel on this petition), and they raised two instances of trial ineffectiveness in their appellate briefs. The same two IAC issues were properly presented on direct appeal and thus were fully preserved for habeas.[6] The Superior

---

[5] Mr. Bergstresser pursued three of those issues (ineffective assistance of counsel ["IAC"] for failing to object to prosecutorial "vouching" in the form of the District Attorney's testimony, IAC in failing to obtain and employ evidence of the decedent's level of intoxication) in the state supreme court, and merger of aggravated assault with involuntary manslaughter. Ans. Exh. H, at 1. He abandoned the claim of insufficiency of the evidence of vehicular homicide while DUI. However, as the respondents' Answer apparently concedes, preservation of an issue in an allocatur petition is no longer necessary in Pennsylvania, in light of the Pennsylvania Supreme Court's May 9, 2000, order No. 218 Jud.Admin.Dkt. No. 1 (copy attached as Exhibit P-3); see O'Sullivan, 526 U.S. at 847 (majority), 849-50 (Souter, J., concurring), 861-62 (Stevens, J., dissenting), 863-64 (Breyer, J., dissenting).

[6] In any event, for the very reason respondents mention -- that the PCRA has its own one-year statute of limitations -- the only potential state remedy is no longer available to Mr. Bergstresser at this time, and he does not have to attempt to use that futile route simply to prove this. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000); cf. Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1997, as amended 1998) (where counsel amended pro se petition to add numerous unexhausted claims, and respondents' counsel urged that case would be heard in state court

Court panel suggested no procedural deficiency, but rather disposed of the IAC issue on
its merits, finding (as if as a fact) that "counsel, aware of this [Commonwealth] evidence
[disputing whether the decedent's injuries could have occurred in a fall from a moving
vehicle], was acting in his client's best interest in declining to pursue the matter [of
whether the decedent exited the truck of her own volition] further." Mem. at 8. Similarly,
with respect to trial counsel's failure to object to the District Attorney's improper testi-
mony, the Superior Court reached the merits of the IAC claim on the existing record and
held that the IAC/vouching claim "lacks arguable merit" because the testimony was either
not improper or else was harmless.

C. Petitioner Is Entitled to Relief on the Merits.

The petition for habeas corpus in this case raises five grounds, all of which have
merit. To prevail on habeas under the AEDPA Bergstresser must show that the Superior
Court's disposition of his federal claims was "contrary to" "clearly established" federal law,
as determined by the U.S. Supreme Court; and, if not, then at least he must convince the
federal court that the state court judgment rests upon an objectively unreasonable
"application of" "clearly established" Supreme Court jurisprudence. These standards of
review are set forth in 28 U.S.C. § 2254(d), as interpreted in Williams (Terry) v. Taylor,
529 U.S. 362, 120 S.Ct. 1495, 1518-23 (2000); see also Werts v. Vaughn, 228 F.3d 178,
196-97 (3d Cir. 2000), holding that the standards established in Matteo v. Superintendent,
171 F.3d 877 (3d Cir. 1999) (in banc), are compatible with the Supreme Court's analysis
in Williams and remain valid.

_____(continued)

notwithstanding language of PCRA, petitioner would be required to attempt exhaustion
of PCRA remedy). While exhaustion due to present unavailability of a remedy may
sometimes lead to a conclusion that there has been a procedural default (see Werts,
supra; Lines, supra), default of an issue is a separate, affirmative defense which the
respondents have waived by not pleading it. See Trest v. Cain, 522 U.S. 87, 89 (1997),
quoting Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

### 1. The Evidence at Trial Was Insufficient to Prove
### the Offense of Homicide by Vehicle While DUI.

It is well established in Supreme Court jurisprudence that a conviction on evidence that does not satisfy the standard of proof beyond a reasonable doubt is unconstitutional under the Due Process Clause. Jackson v. Virginia, 443 U.S. 307 (1979); Singer v. Court of Common Pleas, 879 F.2d 1203 (3d Cir. 1989). The Superior Court's rejection of Mr. Bergstresser's challenge to the sufficiency of the evidence to prove the charge of vehicular homicide while driving under the influence "involved an unreasonable application of" that precedent. See Ans. Exh. E, at 4-6.

The unchallenged testimony of witness Troy Shupe was that he heard two people arguing in the roadway outside his house; he looked away, but a few minutes later looked out again and saw Mr. Bergstresser's truck backing up at less than 10 m.p.h.; he left the window again to speak with his wife, then went outside, where he saw Mr. Bergstresser standing over what turned out to be Ms. Campbell's body, agitated and distressed. The sufficiency issue raised on appeal was the element of causation, which in a vehicular homicide DUI case means that the drunk driving and not any other form of accident was the cause of the victim's death, beyond a reasonable doubt. As no one saw how the death occurred, this theory of causation depended on inferences from the autopsy and accident reconstruction expert testimony.

Only if the jury believed the Commonwealth's expert witnes beyond a reasonable doubt could the evidence be held sufficient to support the prosecution case. But on the most critical issue -- how the victim came to be lying on the pavement when the truck backed over her, that is, whether she jumped from the truck or fell during the argument and was left there, only to be killed by the truck backing up over her body -- the sole testimony was predicated on a useless hypothetical question: "Assume that Melissa Campbell was a passenger in a vehicle, assume further that athe vehicle was traveling at a speed not greater than 30 miles per hour. Assume further that Melissa Campbell jumped from that

vehicle.  Would you expect to find these abrasions [that is, severe "road rash"] on her body?"  A: "Absolutely."  N.T. 210.  But there was no such testimony about the speed of the truck when Ms. Campbell (hypothetically) fell or jumped, and obviously the answer meant a lot less, if anything at all, if the speed was 3 or 5 m.p.h. than if it were 25 or 30.  Yet each is "not greater than 30 miles per hour."

Moreover, after the defense pathologist testified, the prosecution witness conceded that one large abrasion on the body was consistent with "road rash."  N.T. 436-37.  And most important, despite a large pool of blood from the body, no blood was identified on the tires of the truck, suggesting that they did not cause the fatal injuries.  This is not a matter of conflicting expert testimony, it is matter of inconsistency and inherent insufficiency in the Commonwealth's own evidence.  Compare Orban v. Vaughn, 123 F.3d 727 (3d Cir. 1997).  A reasonable jury would therefore necessarily have had a reasonable doubt about the causation element essential to prove guilt, and the Superior Court's decision to the contrary was itself an unreasonable application of Jackson, based on a highly partial and incomplete summary of the evidence.  An absolute writ on the vehicular homicide charge must be granted.  Singer, supra.

### 2. As Aggravated Assault Is a "Lesser Included Offense" Under Pennsylvania Law With Respect to Homicide by Vehicle While DUI, the Double Jeopardy Clause Requires Vacatur of the Assault Conviction.

The Supreme Court has clearly established that the Double Jeopardy Clause bars a conviction for what a state's own law makes a lesser included offense.  Brown v. Ohio, 432 U.S. 161 (1977).  In making this analysis, however, the state courts authoritatively declare what are the elements of the offense, but the relationship of two offenses to one another, for Double Jeopardy purposes, is a federal question over which the state courts' analysis is not controlling.  Id.; cf. Fiore v. White, 528 U.S. 23 (1999) (same division of responsibility, for purposes of conducting review of sufficiency under Jackson).

Mr. Bergstresser was convicted of both aggravated assault, 18 Pa.C.S. § 2702(a)(1), and homicide by vehicle while driving under the influence of alcohol, 75 Pa.C.S.

§ 3735(a).  The latter offense includes an merged conviction for involuntary manslaughter.  Petitioner argues that the former is a lesser included offense of the latter. (This why respondents' Answer argues that aggravated assault is not a lesser offense of involuntary manslaughter (Ans. ¶12(b), at 2), while the petition refers not to involuntary manslaughter but to vehicular homicide while DUI.)  In Commonwealth v. Zimmerman, 498 Pa. 112, 445 A.2d 92 (1981), the state supreme court held authoritatively "that assault is a constituent element of all of the grades of homicide and does not require the proof of a fact that the various grades of homicide do not."  445 A.2d at 96.

The respondents argue against his binding rule on the basis of an arid logic which was necessarily rejected in Zimmerman itself -- that involuntary manslaughter (and vehicular homicide) can be established by the lesser mens rea of "gross negligence," while aggravated assault requires at least a mens rea of "recklessness under circumstances manifesting extreme indifference to the value of human life."  Thus, respondents apparently reason, vehicular homicide cannot be the greater offense.  This view is contrary to the binding construction of the statutes in Zimmerman and therefore must be rejected by this Court.

Because this issue presents a form of double jeopardy violation, retrial is prohibited.  Accordingly, an absolute writ must be granted on the aggravated assault count, vacating the consecutive sentence.

### 3. The Logical Inconsistency of the Verdicts on Aggravated Assault and Involuntary Manslaughter Deprived Petitioner of Due Process.

Respondents contend in conclusory terms that "inconsistency between verdicts is not grounds for reversal."  Ans. ¶12(c), at 3.  In general terms, this is true.  See United States v. Powell, 469 U.S.57 (1984); Buehl v. Vaughn, 166 F.3d 163, 178 (3d Cir. 1999). However, in ruling that a defendant's conviction need not be consistent with an acquittal rendered at the same time by the same jury, the Supreme Court has distinguished the case of logical inconsistency between two convictions rendered by the jury at the same

trial. Powell, 469 U.S. at 69 n.8. After all, a jury's verdict of acquittal need not be rational, id. at 62-63, 65-66, but its convictions must be. Jackson v. Virginia, supra. Thus, the Third Circuit recognizes the essential differences between the two cases. United States v. Gross, 961 F.2d 1097, 1106-07 (3d Cir. 1992), discussed in Buehl, supra.

Here, Mr. Bergstresser's conviction for aggravated assault required that he have acted with malice ("recklessness under circumstances manifesting extreme indifference to the value of human life"), while the vehicular homicide conviction (and its incorporated involuntary manslaughter component) required a ruling that he have acted without malice, that is "gross negligence." These two states of mind cannot co-exist. Critically important in this analysis is 18 Pa.C.S. § 302(e), which provides that where the mens rea of an offense is criminal negligence (as in vehicular homicide and involuntary manslaughter), that state of mind may be satisfied by proof of knowledge or intent, but the statute conspicuously does not allow a substitution of recklessness for negligence. Compare Buehl, 166 F.3d at 179 (relying on § 302(e) to reject challenge to simultaneous convictions for both murder and manslaughter, allowing criminal intent to take place of criminal negligence). As the convictions are therefore so inconsistent as to violate due process, Mr. Bergstresser is entitled to a writ of habeas corpus, releasing him from custody unless granted a retrial.

### 4. Trial Counsel Was Ineffective in Failing to Gain Admission of Evidence of the Victim's Intoxication.

The rule that the Constitution guarantees a defendant the effective assistance of counsel at trial is well established by the Supreme Court for purposes of 28 U.S.C. § 2254(d). Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1511-12 (2000). In Mr. Berg-stresser's case, the post-sentence motion claimed error in the refusal to allow evidence of the victim's extreme intoxication. The trial court rejected this point on the ground that defense counsel admitted he did not have available the expert witness he would need to satisfy the state law requirements for tying up the relevancy of this testimony. Ans. Exh.

G, attach. 3 (trial ct. op.), at 2-6. The evidence of intoxication was intended to make more credible Mr. Bergstresser's version, that Mr. Campbell had jumped or fallen from the moving truck before being accidentally run over, by explaining the severe impairments of judgment and coordination that would be exhibited by a person with a blood alcohol level of over .20. Id. at 4 (defense counsel's proffer). On appeal, petitioner's new attorneys claimed ineffective assistance of trial counsel on account of this very lapse, the point pursued here.

The Superior Court reached the merits and held that trial counsel was not ineffective because such evidence would have been "merely cumulative" of the vague evidence that Ms. Campbell had been drinking and was fighting with Mr. Bergstresser. Ans. Exh. E, at 7. Indeed, the bartender's testimony was that Ms. Campbell consumed a light beer and one whiskey all night and was not intoxicated at all. N.T. 43. Moreover, the Superior Court held the omission was not prejudicial because the Commonwealth's expert opined that the victim's injuries and the condition of her clothing were inconsistent with a fall or jump from a moving truck "traveling at a speed not greater than 30 miles per hour." N.T. 210, cited in Exh. E, at 7-8. The Superior Court thus held it "clear" that trial counsel was acting "in his client's best interest." Exh. E, at 8. This ruling is unreasonable.

By denying a remand for an evidentiary hearing and then ruling on the merits, the Superior Court deprived his Court of the opportunity to know exactly how drunk Ms. Campbell may have been and what difference that may have made in her behavior. But the point is that the trial court excluded the evidence because trial counsel did not have that testimony ready. To say it necessarily could not have made a difference is to say there is not difference between being drunk enough to fight with a boyfriend and having a BAC at least twice the legal limit. Even common sense is enough to say that the Superior Court's conclusion does not follow.

Nor can trial counsel's failure to be prepared, resulting in the exclusion of evidence, be summarily labeled harmless because the Commonwealth had an expert who

disputed the defense theory. This expert was vigorously cross-examined, and his conclusion on the lack of a jump was predicated on a very vague assumption about the speed of the truck at the time. The Shupes' testimony was, however, that the two had been fighting in the roadway and then the truck started to drive away. If Ms. Campbell re-entered the truck and then jumped out as it began to go, an entirely plausible theory consistent with the defendant's consistent version, her body and clothing might not have exhibited those tell-tale signs of "road rash" at all, yet she might easily have fallen to the pavement and lain there long enough, particularly in a severely drunken state, to be killed accidentally as Mr. Bergstresser backed up to find her.

For these reasons, the Superior Court's analysis of the first ineffective assistance claim was an unreasonable application of Strickland. See Williams v. Taylor, supra. At the least, since the lack of a complete factual record is not due to any failure of the defendant, see Williams (Michael) v. Taylor, 529 U.S. 420 (2000), this Court should order an evidentiary hearing on the issues of counsel's reasoning, the true level of the victim's BAC, and the significance of that level to her behavior. After or without such a hearing, the writ must be granted.

### 5. Trial Counsel Was Ineffective in Failing to Object to the Testimony of the District Attorney.

The Superior Court also dismissed Mr. Bergstresser's complaint that counsel was also ineffective in failing to object to the calling of the Potter County District Attorney as a trial witness. Mr. Leber there opined that he did not believe the defendant's version, N.T. 150, which "didn't ring true," N.T. 151-52, and that the charges were filed only "after substantial investigation" because his office ("We") "do[es]n't file those charges lightly." N.T. 152. The district attorney added that he was already "somewhat familiar with Mr. Bergstresser." N.T. 150. Counsel failed to object at all. The Superior Court, without reciting the testimony to which the appellant actually referred, called this combination of vouching and implied reference to adverse facts not in evidence no more than "[r]efer-

ences to the manner in which a criminal investigation [wa]s conducted" which "were in no way prejudicial to the defendant." Ans. Exh. E, at 8. This was an unreasonable application of the ineffective assistance of counsel doctrine.

Controlling state law plainly prohibited testimony of the sort presented by the District Attorney. E.g., Commonwealth v. Nicola, 503 Pa. 90, 468 A.2d 1078 (1983); Commonwealth v. Russell, 456 Pa. 559, 322 A.2d 127 (1974). Thus, had counsel objected, the testimony would have been excluded or stricken. Indeed the vouching itself was objectionable not only on state law grounds but also as a matter of due process. See Buehl v. Vaughn, 166 F.3d at 176 (similar but less egregious comments made in summation). See also United States v. Young, 470 U.S. 1, 18 (1985); United States v. Murray, 103 F.3d 310, 321-22 (3d Cir. 1997) (federal murder conviction reversed on account of agent's testimony vouching credibility of informant). In Maurer v. Dept. of Corrections, 32 F.3d 1286 (8th Cir. 1994), the court of appeals reversed the district court's denial of § 2254 habeas relief on the basis of improper vouching testimony introduced by the state, which infected the trial proceeding with fundamental unfairness. The claim could not be rejected summarily for lack of prejudice, as the Superior Court tried to do, because the District Attorney's improper remarks were not rendered harmless by any subsequent, properly admitted, corroborating testimony. Compare Hartey v. Vaughn, 186 F.3d 367, 371-73 (3d Cir. 1999).

DA Leber's testimony, in these respects, was nothing but empty and impermissible bolstering, likely suggesting to the jury that evidence existed beyond that presented at trial, and offering a seemingly authoritative evaluation of the credibility of the defense case. The ineffectiveness of counsel in failing to object cannot be brushed off as harmless.

## CONCLUSION

For all the foregoing reasons, the petition for a writ of habeas corpus should be granted.

Dated:  December 4, 2000

Respectfully submitted,

JOHN C. DOWLING
JAMES H. CAWLEY
Rhoads & Sinon LLP
P.O. Box 1146
Harrisburg, PA  17108-1146  (610) 649-8200
  (717) 233-5731

PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA  19003-2276

Co-Counsel for Petitioner

## CERTIFICATE OF SERVICE

On December 4, 2000, I served a copy of the foregoing motion by first class mail, postage prepaid, on the attorney for the respondents, addressed as follows:

Jeff Leber, Esq.
Potter County District Attorney
One East Third Street
Coudersport, PA  16915

# *MEMORANDUM*

**To:**      Joan Sayers
            Courtroom Deputy

**From:**    Judge Smyser  *MJ*

**Re:**      ***Bergstresser v. Shannon***
            ***Civil No. 1:00-CV-1713***

**Date:**    December 8, 2000

===================================================================

     As requested in the letter from Peter Goldberger dated
December 5, 2000, kindly substitute the exhibits attached to the
letter for those filed with the reply and traverse.

cc:  Peter Goldberger, Esquire
     Jeff Leber, District Attorney

*MJ*

## LAW OFFICE OF PETER GOLDBERGER

50 Rittenhouse Place
Ardmore, PA 19003-2276

*Of Counsel:*
Anna M. Durbin*

*Also admitted in Connecticut
†Also admitted in Ohio

(610) 649-8200
FAX (610) 649-8362
E-mail golddurb@libertynet.org

Peter Goldberger*
Pamela A. Wilk
James H. Feldman, Jr.†

December 5, 2000

Hon. J. Andrew Smyser
United States Magistrate Judge
P.O. Box 983
Harrisburg, PA  17108

Re:  <u>Bergstresser v. Shannon</u>
Civ. No. 00-1713

Dear Judge Smyser:

There are some things that you just can't see in your own
written work, no matter how "carefully" edited, until after it's
printed, stapled, and mailed.  The Reply and Traverse we filed
yesterday for petitioner Bergstresser refers to Petitioner's
attached Exhibits 1-4.  We instead seem to have attached three
exhibits, marked 1-3, which unfortunately correspond to the
items described in the memorandum as exhibits 2-4.  Enclosed
with this letter are four pages, marked P-1, P-2, P-3 and P-4
(page of docket, cash register receipt, prisoner correspondence
log, and Pennsylvania Supreme Court Order).  Please discard the
exhibits attached to our Reply and substitute these.  I apolo-
gize for the inconvenience and for any confusion.

Respectfully,

Peter Goldberger
<u>Co-Counsel for Petitioner</u>

enc.
cc w/enc:
    Clerk of Court
    Jeff Leber, Esq., Dist. Att'y
    John C. Dowling, Esq.
    Dean E. Bergstresser

PACER session date: Monday November 13, 2000 03:27:58 PM EST
Case docket was last updated on: 11/07/00.

Docket as of November 7, 2000 7:16 pm                    Page 1

Proceedings include all events.
1:00cv1713 Bergstresser v. Shannon, et al                  REFER  PRISNR

                                                  REFER  PRISNR

                        U.S. District Court
              ·Middle District of Pennsylvania (Harrisburg)

                   CIVIL DOCKET FOR CASE #: 00-CV-1713

Bergstresser v. Shannon, et al                    Filed: 09/26/00
Assigned to: Judge William W Caldwell
         Referred to: Mag. Judge J. Andrew Smyser
Demand: $0,000 42105                     Nature of Suit:  530
Lead Docket: None                        Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2254 Petition for Writ of Habeas Corpus (State)


DEAN·E. BERGSTRESSER                 Peter Goldberger
      petitioner                     [COR LD NTC]
                                     50 Rittenhouse Place
                                     Ardmore, PA 19003-2276
                                     610/649-8200


     v.

ROBERT SHANNON, Superintendent       Jeffrey E. Leber
      respondent                     [COR LD NTC]
                                     1 East 3rd Street
                                     P.O. Box 429
                                     Coudersport, PA 16915
                                     717-274-8141


DISTRICT ATTORNEY OF POTTER          Jeffrey E. Leber
COUNTY                               (See above)
      respondent                     [COR LD NTC]

                                     District Attorney of Potter
                                     County
                                     [COR LD NTC] [PRO SE]
                                     1 East 3rd Street
                                     Loudersport, PA 16915


ATTORNEY GENERAL OF                  Jeffrey E. Leber
COMMONWEALTH                         (See above)
      respondent                     [COR LD NTC]

                                     Attorney General of
                                     Commonwealth
                                     [COR LD NTC] [PRO SE]
                                     Office of the Attorney General

D-1

Docket as of November 7, 2000 7:16 pm                Page 2

Proceedings include all events.
1:00cv1713 Bergstresser v. Shannon, et al                REFER  PRISNR

                    15th Floor, Strawberry Square
                    Harrisburg, PA 17120
                    (717) 782-4482

♀

Docket as of November 7, 2000 7:16 pm                Page 3

Proceedings include all events.
1:00cv1713 Bergstresser v. Shannon, et al                REFER  PRISNR

9/26/00   1     PETITION FOR WRIT OF HABEAS CORPUS  Receipt #: 111.132228
                Amt: $5.00 (ta) [Entry date 09/26/00]

9/26/00   2     AFFIDAVIT of Marc W.W. Hubley regarding habeas corpus
                petition [1-1] (ta) [Entry date 09/26/00]

9/26/00   --    PRISONER LETTER issued as to petitioner Dean E.
                Bergstresser with Notice and Consent Form (ta)
                [Entry date 09/26/00]

10/4/00   2     ORDER by Mag. Judge J. A. Smyser, AND NOW, this 4th day of
                October, 2000, IT IS HEREBY ORDERED that on or before
                10/24/00, petnr shall inform ct whether he wants to (1)
                have his pet ruled upon as filed; (2) if his pleading is
                not styled as a 2254 pet, have his pleading recharacterized
                as a 2254 pet and heard as such; (3) withdraw his pet and
                file one all-inclusive pet w/in the one-year statutory
                period prescribed by AEDPA in 28 USC 2244. (cc: all counsel
                court) (pm) [Entry date 10/05/00]

10/20/00  3     SUBMISSION OF VERIFICATION by petitioner Dean E.
                Bergstresser re habeas corpus petition [1-1] (vg)
                [Entry date 10/23/00]

10/23/00  4     ORDER TO SHOW CAUSE: by Mag. Judge J. A. Smyser - 1)
                2)Respondents on or before 11/3/00, shall respond to the
                pwrit of hc. 3) 4)Petitioner may, if he so desires, file a
                rply to the resp w/i 10 days of its filing. 5)The Clerk is
                directed to note the address of the DA of Potter County on the
                front of the docket sheet in this case. (cc: Ct., cnsl) (sc)
                [Entry date 10/24/00]

10/25/00  5     ACKNOWLEDGEMENT RECEIVED of Show Cause Order dated
                10/23/00, sent certified mail to Michael Fisher, PA Atty.
                Gen.; Robert Shannon, Supt., SCI Mahanoy; Francis Filipi,
                Dep. Atty. Gen.; and Jeff Leber, DA of Potter County.  Date
                of Delivery:  10/24/00. (vg) [Entry date 10/26/00]

11/6/00   6     RESPONSE by respondents to habeas corpus petition [1-1];
                with exhibits and c/s. (sc) [Entry date 11/07/00]

11/7/00   7     Copy of LETTER to District Attorney Jeffrey Leber from
                Francis Filipi (ps) [Entry date 11/07/00]

Fri Sep 22 14:18:02 2000

UNITED STATES DISTRICT COURT

SCRANTON          , PA

Receipt No.    111 132228
Cashier          george

Tender Type  CHECK

Check Number: 2978

Transaction Type    N

DB Code       Div No        Acct
4667          1             086900

Amount                    $    5.00

PETER GOLDBERGER 50 RITTENHOUSE PLAC
E ARDMORE, PA 19003

H/C FILING

*for*

*Bergstresser*

bn

P-2

NOV 00-00 WED 11:23 AM  HARRISBURG                    FAX NO. 91712213959         P. 03

## PRISONER CORRE[SPON]DENCE LOG SHEET

| Date Received | From (Prisoner's Name) | Type of Correspondence | Emergency Relief Requested (Yes/No) | Employee Initials | Forwarded to: | Date Reviewed & Forwarded |
|---|---|---|---|---|---|---|
| 9/22/00 | Bergstresser | Hab. Pet. | No | Rw | Lois Fuller | 9/22/00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

P-3

# IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EXHAUSTION OF STATE REMEDIES IN CRIMINAL AND POST-CONVICTION RELIEF CASES | : No. 218<br>: Judicial Administration Docket<br>: No. 1 |

## O R D E R

**PER CURIAM:**

    **AND NOW**, this 9th day of May, 2000, we hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals.  Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this Court will only be allowed when there are special and important reasons therefor.  Pa.R.A.P. 1114.  Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.

    In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error.  When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.  This Order shall be effective immediately.

P-4