UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEAN E. BERGSTRESSER, | : | CIVIL NO. **1:00-CV-1713** |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| ROBERT SHANNON, | : | |
| Superintendent; | : | |
| DISTRICT ATTORNEY OF POTTER | : | |
| COUNTY; and the ATTORNEY | : | |
| GENERAL OF PENNSYLVANIA, | : | |
| | : | |
| Respondents | : | |

**FILED**
**HARRISBURG, PA**

**JAN 0 9 2001**

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

MEMORANDUM AND ORDER

This civil action is a petition for a writ of habeas

corpus pursuant to a state court judgment, brought pursuant to

28 U.S.C. § 2254 by Dean E. Bergstresser.  Bergstresser pleaded

not guilty and was convicted by a jury in the Court of Common

Pleas of Potter County of offenses including homicide by

vehicle,[1] involuntary manslaughter,[2] aggravated assault,[3]

---

[1] 75 Pa. C.S.A. § 3732

[2] 18 Pa. C.S.A. § 2504

[3] 18 Pa. C.S.A. § 2702(a)(1)

AO 72A

reckless endangerment,[4] homicide by vehicle while driving under the influence of alcohol,[5] driving under the influence of alcohol,[6] and backing a vehicle in violation of the Vehicle Code.[7]  He was acquitted of higher degrees of homicide.[8]  He was sentenced to a term of imprisonment comprising in aggregate a minimum of eight and a maximum of seventeen years, composed of a five year to ten year sentence for aggravated assault and a three year to seven year consecutive sentence for homicide by vehicle while driving under the influence of alcohol. A fine was imposed for illegal backing.[9]  Costs, restitution, fines, safe driving school and substance abuse counseling were also ordered.  Sentence was imposed on February 5, 1997.

---

[4]18 Pa. C.S.A. § 2705

[5]75 Pa. C.S.A. § 3735(a)

[6]75 Pa. C.S.A. § 3731(a)(1),(4),(5)(i)

[7]75 Pa. C.S.A. § 3702(a)

[8]18 Pa. C.S.A. §§ 2501-2503

[9]
    All other counts were deemed by the sentencing court to be merged counts and not to give rise to a separate imposition of punishment.

2

Bergstresser appealed from the judgment of conviction

to the Superior Court of Pennsylvania.  The judgment of

conviction was affirmed, and reargument was denied.

*Commonwealth v. Bergstresser*, No. 01583 PGH., 1997, 734 A.2d

432; and an allocator petition to the Pennsylvania Supreme

Court was denied, 559 Pa. 687, 739 A.2d 1054 (June 24, 1999)

(No. 157 W.D. Alloc. 1999).[10]  Bergstresser was represented at

preliminary hearing, arraignment, trial and sentencing by

Joseph Marasco, Esquire.  He was represented on Appeal, as he

is in this court, by John C. Dowling, Esquire and Peter

Goldberger, Esquire.


The Superior Court of Pennsylvania summarized the facts

of the case as follows:

> On the evening of March 17, 1996,
> [Bergstresser] and the victim [Melissa
> Campbell], then boyfriend and girlfriend, got
> into a fight with one another in a local bar.
> Once outside the bar, this fighting turned
> physical with each of them striking the other.
> The two left the bar together in
> [Bergstresser's] vehicle [at about 1 a.m., on
> the 18th;] however, their fighting did not

---

[10]The claims raised on appeal are addressed below.

cease.  En route to Austin, Pennsylvania,
[Bergstresser] stopped.  Both he and the victim
exited the vehicle, carrying their argument
outside and onto the roadway. [Somehow, Ms.
Campbell was then lying on the pavement behind
Mr. Bergstresser's truck.] It was at this time
[Bergstresser] returned to the vehicle, put it
in reverse and ran over the victim.
[Bergstresser] then stopped the vehicle,
shifted gears and ran the victim over again,
this time moving the vehicle forward.

A copy of the trial transcript has been made a part of the

record of this habeas corpus proceeding (Docs. 13, 14, filed

Dec. 20, 2000), and has been reviewed by this court.

The petition states five grounds for habeas corpus

relief, and supporting facts, as follows:

A.  **Ground one:** Petitioner has been and is
being deprived of his liberty in violation of
the due process clause of the Fourteenth
Amendment, as the evidence at trial was
insufficient to convict him of the offense of
vehicular homicide while DUI, 75 Pa.C.S.
§ 3735(a).

**Supporting FACTS**: After fighting in a
bar with the decedent, his girlfriend,
petitioner drove off in his truck with the
girlfriend as a passenger.  Both were
intoxicated.  The decedent exited the truck as
it was moving, landing head first on the

4

pavement. Petitioner returned the short
distance to the spot where his girlfriend had
fallen, driving the truck slowly in reverse.
Somehow (whether intentionally, recklessly, or
accidentally was at the heart of the trial), a
rear wheel of the truck ran over the decedent
as it was backing.  After stepping out of the
truck to try to see what was going on,
petitioner then got back in.  He shifted to a
forward gear, and the same wheel ran over the
decedent again.  The evidence did not show
beyond a reasonable doubt that the decedent's
death was "the result of a violation of section
3731 [of title 75, Pa.C.S.] (relating to
driving under the influence of alcohol or
controlled substance)," nor that the
petitioner's § 3731 violation was "the cause of
death," both of which are elements of the
offense under § 3735(a).

   **B.   Ground two:** Petitioner has been and is
being deprived of his liberty in violation of
the due process clause of the Fourteenth
Amendment, incorporating the double jeopardy
clause of the Fifth Amendment, by the separate
convictions and consecutive sentences on
aggravated assault, 18 Pa. C.S. § 2702(a)(1),
and vehicular homicide while DUI, 75 Pa. C.S.
§ 3735(a).  The conviction and sentence on the
"lesser" offense, aggravated assault, must be
vacated.

      **Supporting FACTS:** At trial, petitioner
was convicted of both aggravated assault and
vehicular homicide while DUI, and at sentencing
received consecutive terms of imprisonment on
these counts.  Aggravated assault, in the form
in which petitioner must have been convicted of
it, is the "same offense" (that is, a lesser
included offense), for double jeopardy

5

AO 72A
(Rev.8/82)

purposes, as involuntary manslaughter (as
assault is of any degree of homicide when the
death of the victim results), which in turn (as
the trial court recognized) is a lesser
included offense of vehicular homicide while
DUI.

**C.   Ground three:** Petitioner has been and
is being deprived of his liberty in violation
of the due process clause of the Fourteenth
Amendment, as the jury's verdict convicting him
of aggravated assault, 18 Pa. C.S.
§ 2702(a)(1), is logically inconsistent with
the same jury's verdict convicting him of
involuntary manslaughter under 28 Pa. C.S.
§ 2504.

**Supporting FACTS:** At trial,
petitioner was convicted of both aggravated
assault and involuntary manslaughter.  Malice
is an element of the assault offense under
§ 2702(a)(1) ("recklessly under circumstances
manifesting extreme indifference to the value
of human life"), while involuntary manslaughter
under § 2504 is defined, in pertinent part, as
the killing of another person without malice.

**D.   Ground four:** Petitioner did not enjoy
the effective assistance of counsel at trial,
because his attorney failed to satisfy state
law requirements for the introduction of
evidence of the victim's level of intoxication.

**Supporting FACTS:** The decedent's blood
alcohol level at the time of her death was at
least .20, significantly higher than
petitioner's.  Defense counsel briefly
attempted to introduce this fact into evidence,
but failed to accomplish his goal due to lack
of familiarity with controlling state case law

6

on the prerequisites and procedure for doing so. Had the jury known this critical information, there is a reasonable probability that one or more jurors would have entertained at least a reasonable doubt as to whether the cause of death was the decedent's own act of attempting to exit a moving vehicle, rather that petitioner's act of backing up his truck to return to the scene of where she fell.

**E. Ground five:** Petitioner did not enjoy the effective assistance of counsel at trial, when his attorney failed to object to the presentation of testimony at trial by the elected District Attorney of the County, commenting adversely on petitioner's credibility, implying the existence of facts not in evidence and vouching for the reliability of the Commonwealth's investigation of the matter.

**Supporting FACTS:** The District Attorney of Potter County personally went to the hospital on the night of the incident (March 17, 1996) and interviewed petitioner after administering *Miranda* warnings. At trial, under examination by his assistant D.A. and after being identified as the District Attorney, the witness testified that he was already "somewhat familiar with Mr. Bergstresser," that he "didn't believe from ... what I had learned from the coroner that the accident happened the way Mr. Bergstresser said it did," and that "to me it didn't ring true what he was telling." He added that "We certainly don't file those charges [including first degree murder] lightly. It was only after substantial investigation that the charges were in fact filed." Defense counsel

7

>           failed to object or to move to strike any of
>           this testimony.

Doc. 1, pages 2-4.


        The respondent presents argument against each of these

grounds.  In addition, the respondent contends that this habeas

corpus petition is untimely and that the petitioner has failed

to exhaust state judicial remedies.  Answer to Petition,

Doc. 6.


        The petitioner does not assert that there is a question

of fact necessitating a hearing in this court.  The respondent

does not assert that there is a question of fact necessitating

a hearing in this court.  The petition and the response thereto

present questions of law, which are addressed herein as

follows.


        **Statute of Limitations**.  The respondent has asserted in

the answer to the petition for a writ of habeas corpus that the

petition is untimely.


                                8

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review. An application pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be brought within that one-year period of limitation. The respondent asserts that the direct review of Bergstresser's conviction ended with the Order of June 24, 1999 of the Pennsylvania Supreme Court. In that Order, the highest court of Pennsylvania denied the petition brought by Bergstresser for the allowance of an appeal from the Order of the Superior Court of Pennsylvania of November 17, 1998 affirming the judgment of sentence in Bergstresser's case. The respondent asserts that since the last order was that of the Supreme Court of June 24, 1999, it follows that the expiration of the time for seeking direct review occurred when the time expired in which a petition for a writ of *certiorari* to the United States Supreme Court might have been filed, that being ninety days from June 24, 1999. Rule 13, Rules of the Supreme

9

Court of the United States.  We take notice that the ninetieth
day after June 24, 1999 was September 22, 1999.  This 28 U.S.C.
§ 2254 habeas corpus petition was received in the Office of the
Clerk of Court on September 22, 2000.  Although it was not file
stamped as having been filed until September 26, 2000, the
receipt issued by the Clerk of Court upon the payment of the
filing fee by the petitioner shows that the receipt was issued
on September 22, 2000.  Accordingly, we find the petition to
have been timely filed within one year from the date upon which
the state court judgment became final by reason of the
conclusion of direct judicial review.

        ***Exhaustion***.  A state prisoner must exhaust available
state remedies before filing a petition for habeas corpus in
federal court. 28 U.S.C. §2254(b) and (c).  This requirement
serves the interests of comity between the federal and state
systems by allowing the state an initial opportunity to
determine and correct any violations of a prisoner's federal
rights. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999)

AO 72A

("Comity . . . dictates that when a prisoner alleges that his
continued confinement for a state court conviction violates
federal law, the state courts should have the first opportunity
to review this claim and provide any necessary relief.").

A habeas corpus petitioner bears the burden of
demonstrating that he has exhausted state remedies. *O'Halloran
v Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).  In order to exhaust
state remedies for federal habeas corpus purposes, a petitioner
must show that he has fairly presented his claim to the state
courts.  *Picard v. Connor*, 404 U.S. 270, 278 (1971).  To be
fairly presented to the state courts both the legal theory and
the facts supporting the claim must have been presented to the
state courts.  *O'Halloran, supra,* 835 F.2d at 508.  Further,
"state prisoners must give the state courts one full
opportunity to resolve any constitutional issues by invoking
one complete round of the State's established appellate review
process." *O'Sullivan, supra,* 119 S.Ct. at 1732.  This means
that "a state prisoner must present his claims to a state

11

supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *Id.* at 1728.

The habeas petitioner must exhaust his state remedies as to each of his federal claims.  If a habeas corpus petition contains both exhausted and non-exhausted claims the petition should normally be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 515-20 (1982).  However, an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. 28 U.S.C. §2254(b)(2).

The respondent's argument concerning exhaustion addresses the availability of Post Conviction Relief Act remedies, 42 Pa. C.S.A. § 9541, *et seq*.  The remaining procedural availability of a state judicial format or device for raising post conviction challenges to a conviction, and the fact that a convicted person has not used that available format or device, does not mean that the person has not exhausted state judicial remedies as to a claim, or set of claims, that

12

is being raised in a Section 2254 petition.  The key to

exhaustion is that each claim that is being presented in a

Section 2254 petition must have been presented to the state's

highest court in a procedurally correct manner.  *Castille v.*

*Peoples*, 489 U.S. 346 (1989); *Bond v. Fulcomer*, 864 F.2d 306

(3d Cir. 1989); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir.

1984).


In this case, the arguable exhaustion issue has to do

with whether these claims now being raised are the same claims

(same factual theory, same legal theory) as exhausted state

claims.  *See Landano v. Rafferty,* 897 F.2d 661 (3d Cir. 1990),

*cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805

F.2d 135, 138 (3d Cir. 1986).  We consider the federal claims

to be materially the same as the state court claims.

Considering the issue in the important context of comity, we do

not see that a federal court's disposition of any of these

claims will address any state law or federal law issue not

expressly or implicitly addressed by the state court.  We

13

AO 72A
(Rev.8/82)

conclude that the petitioner has satisfied the exhaustion
requirement of 28 U.S.C. § 2254(b).

*__Grounds One to Five__*.  The petitioner argues that his
federally protected rights were violated.  First, he asserts
that his Fourteenth Amendment right to remain at liberty unless
his right to liberty has been taken by due process of the law
was violated because he was convicted, sentenced and imprisoned
for an offense as to which there was not sufficient evidence of
his guilt presented at trial to justify a conviction.  The
conviction upon which this argument focuses is the petitioner's
conviction of vehicular homicide while driving under the
influence of alcohol.  That offense is defined under 75 Pa.
C.S.A. § 3735(a).

> 75 Pa. C.S.A. § 3735 provides in subsection (a):
>
> > Any person who unintentionally causes the
> > death of another person as the result of a
> > violation of section 3731 (relating to driving
> > under influence of alcohol or controlled
> > substance) and who is convicted of violating
> > section 3731 is guilty of a felony of the
> > second degree when the violation is the cause
> > of death ...

14

The petitioner argues that the evidence presented at trial can not by the applicable standard of review be construed to support a finding that the death of the victim was the result of a violation of section 3731 or a finding that the violation of 75 Pa. C.S.A. § 3731 by the petitioner was "the cause of death."

The petitioner's argument that the evidence was insufficient to prove that he was guilty under 75 Pa. C.S.A. § 3735(a) is based upon the argument that the prosecution had the burden, and failed, to prove that "the drunk driving and not any other form of accident was the cause of the victim's death."

The petitioner argues that there is a critical difference in outcome on the question whether a § 3735(a) violation was proven depending upon whether the facts were found to be that the victim had jumped from the truck or had fallen to the ground during an argument with Bergstresser. We

15

AO 72A
(Rev 8/82)

do not agree with the petitioner that a finding of drunk driving as the cause of the fatal injuries was not a reasonable finding by a reasonable jury under either of these possible findings as to the course of events.  The Superior Court of Pennsylvania stated: "Appellant does not challenge his driving under the influence conviction nor does he dispute the uncontroverted medical evidence proving the victim died as a result of being run over by appellant's vehicle.  With respect to the final element, the evidence establishes only two possibilities with respect to the cause of the accident: (a) appellant's intoxication or (2) appellant's specific intent to kill the victim.  The jury selected the former of these possibilities and, as their finding is supported by the evidence, we will not disturb it on appeal."  The determination of this issue by the Superior Court of Pennsylvania did not result in a decision that was contrary to or that involved an unreasonable application of clearly established federal laws, nor did it result in a decision that was based on an

16

unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.   28 U.S.C.

§ 2254(d)(1)(2).


        The second argument presented by the petitioner that he

is in custody in violation of his federally protected rights is

the argument that the imposition of separate and consecutive

sentences for convictions of aggravated assault [18 Pa. C.S.A.

§ 2702(a)(1)] and vehicular homicide while driving under the

influence of alcohol [75 Pa. C.S.A. § 3735(a)] constitutes a

violation of the petitioner's Fifth Amendment right not to be

twice placed in jeopardy for the same offense in that all of

the elements of an aggravated assault violation are included

within the elements of a 75 Pa. C.S.A. § 3735(a) violation.


        The petitioner argues that aggravated assault is a

lessor included offense, the elements of which are also

elements of the offense of homicide by vehicle while driving

under the influence of alcohol.   This claim was not presented

17

specifically to the Superior Court.  We address the claim here

pursuant to 28 U.S.C. § 2254(b)(2).


The elements of a violation under 75 Pa. C.S.A. § 3735

are that:

    (1)   the defendant was driving a motor
          vehicle;
    (2)   the defendant was under the influence
          of alcohol;
    (3)   the death of another person occurs;
    (4)   the death is caused by the drunk
          driving of the defendant; and
    (5)   the death of the other person was not
          intended.


The elements of a violation of 18 Pa. C.S.A.

§ 2702(a)(1) are:

    (1)   the defendant has caused serious
          bodily injury to another person;
    (2)   the defendant has acted
          intentionally, knowingly or
          recklessly under circumstances
          manifesting extreme indifference to
          the value of human life.


The offense under § 2702(a)(1), which contains a *mens
rea* element of intentional, knowing or reckless conduct, is not

18

a lesser included offense in relationship to an offense under 75 Pa. C.S.A. § 3735(a), which contains no *mens rea* element relating to the *actus reas* element of causing the death of another person.  The petitioner's argument goes forward on the basis of the assertion that the 75 Pa. C.S.A. § 3735(a) offense includes a merged conviction for involuntary manslaughter.  For the purpose of analysis, we will accept the petitioner's premise.  The petitioner argues that, since aggravated assault is a constituent element of all of the grades of homicide and does not require proof of a fact that the various grades of homicide do not, citing *Commonwealth v. Zimmerman*, 498 Pa. 112, 445 A.2d 92 (1981), and since (the petitioner asserts) the involuntary manslaughter offense here is the correct focal point for purposes of this double jeopardy argument, the aggravated assault offense was not a separate offense warranting a separate imposition of punishment.

The petitioner's argument assumes that the elements of involuntary manslaughter include the elements of aggravated assault.  In support of this assertion, the *Zimmerman* case is

19

cited.  In *Zimmerman*, a defendant's acquittal of **simple**
assault[11] was held to preclude his subsequent (re)prosecution
for homicide arising from the same incident, as a matter of the
protection against double jeopardy, because an assault is an
element of any homicide.  The court quoted the language of one
definition of a simple assault, 18 Pa. C.S.A. § 2701(a)(1), an
attempt to cause or intentional, knowing or reckless causation
of bodily injury to another.  A simple assault may involve a
**reckless** *mens rea*.  An aggravated assault involves a *mens rea*
that is **reckless** "under circumstances manifesting extreme
indifference to the value of human life."  An assault is always
involved in an involuntary manslaughter, but an aggravated
assault is not always involved in an involuntary manslaughter.
Since an aggravated assault is not necessarily involved in an
involuntary manslaughter (*i.e.*, since proof of an involuntary
manslaughter does not require proof of a state of mind that was
reckless under circumstances manifesting extreme indifference

---

[11]
    He was also acquitted of *aggravated* assault, but it is
the fact of an acquittal of assault that is the critical
factor in the Pennsylvania Supreme Court's analysis.

20

to the value of human life), aggravated assault is not, in
relationship to involuntary manslaughter, a lesser included
offense.  Therefore, double jeopardy did not occur when
Bergstresser was placed in jeopardy both as to involuntary
manslaughter and aggravated assault.  Therefore, assuming
*arguendo* the petitioner's premise of a merger of involuntary
manslaughter and homicide by vehicle while driving under the
influence of alcohol for purposes of a double jeopardy
analysis, there nevertheless was no double jeopardy violation.

The petitioner's third basis for claiming that his
custody is in violation of his federally protected rights is
his claim that there was a denial of due process of the law in
that a conviction of aggravated assault under 18 Pa. C.S.A.
§ 2702(a)(1) can not logically be reconciled (considering the
trial evidence and reasonable prosecution theories) with a
conviction of involuntary manslaughter under 18 Pa. C.S.A.
§ 2504.  The petitioner argues that the state of mind element
of 18 Pa. C.S.A. § 2702(a)(1) ("recklessly under circumstances
manifesting extreme indifference to the value of human life")

21

and the state of mind element of 18 Pa. C.S.A. § 2504

(recklessness or gross negligence) are inherently and

necessarily mutually exclusive under all sets of facts

including the facts established by the trial evidence here.

The petitioner argues that there is an irreconcilable

logical inconsistency in the fact of conviction for both

aggravated assault and involuntary manslaughter because a

finding that Bergstresser acted with recklessness under

circumstances manifesting extreme indifference to the value of

human life is not logically reconcilable with a finding that he

acted with gross negligence.  He argues that the perceived

logical inconsistency violated his due process rights.

The Superior Court of Pennsylvania addressed this

argument, concluding, *inter alia,* that the fact that the jury

did not find Bergstresser guilty of greater offenses in no way

negates his culpability for the offenses for which he was found

guilty, and that the evidence at trial had proven that

Bergstresser's actions were performed not only in a grossly

22

negligent manner but also recklessly and under circumstances manifesting extreme indifference to the value of human life. These state court conclusions are not subject to reversal here under the 28 U.S.C. § 2254(d)(1)(2) standards.

We do not agree with the petitioner's argument that under Pennsylvania law a statute that provides for a *mens rea* of negligence may not be satisfied by proof of recklessness. 18 Pa. C.S.A. § 302(e) provides in part that "[w]hen the law provides that negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally or knowingly." The petitioner notes that 18 Pa. C.S.A. § 302(e) does not expressly provide for a substitution of recklessness for negligence.

18 Pa. C.S.A. § 302(b)(3) provides that "[a] person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and

23

degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

18 Pa. C.S.A. § 302(b)(4) provides that "[a] person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation."

The reckless state of mind of an actor who is aware of a substantial and unjustifiable risk is as culpable or more so than the negligent state of mind of an actor who should be aware of a substantial and justifiable risk but is not. A person illegally backing a vehicle while intoxicated, over the

24

body of another person who was known or should have been known
to have been in proximity to the moving vehicle, then pulling
the vehicle forward over the other person's body, might
reasonably have been found to have acted with either a
negligent state of mind or a reckless state of mind.  A
violation of due process is not to be found from the conviction
of a person under statutes containing a negligence *mens rea*
element or statutes containing a recklessness *mens rea* element
under these facts.

Ground four raised by the petitioner is that he was
denied his Sixth Amendment right to counsel in that he did not
have effective representation by counsel at trial.  In
particular, trial counsel did not make a showing at trial that
the victim's blood alcohol content was greater than the
petitioner's own blood alcohol content.  If counsel had made
this showing, the petitioner asserts, then a doubt in the
mind(s) of one or more jurors would have arisen as to whether
the cause of the victim's death was her own intoxicated conduct
instead of the petitioner's intoxication.

25

A claim of ineffective assistance of counsel requires a two part analysis. First, the petitioner must establish that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986). Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. To establish prejudice the petitioner must show that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. *Strickland, supra*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Superior Court of Pennsylvania, considering the argument by Bergstresser that trial counsel was ineffective for failing to present trial evidence showing the percentage blood alcohol content of the victim, made a determination that the

26

jury had heard evidence that provided a basis for counsel to

argue the inference and for the jury to draw the inference that

the victim was intoxicated and in a state of angry emotional

distress, that a continuing argument between the victim and

Bergstresser was going on, and that in such a state and under

such circumstances the victim had caused herself to exit

Bergstresser's vehicle while it was moving.  The Superior Court

found that Bergstresser's version of the events had been fully

presented.  The Superior Court found also, however, that the

scientific evidence at trial had clearly established that the

victim had not jumped or fallen from a moving vehicle.  The

Superior Court determined that counsel was acting in the best

interests of the client in not further pressing the inference

that the victim was extremely intoxicated and in that condition

had jumped or fallen from the Bergstresser truck.  The

determination of this issue by the Superior Court of

Pennsylvania did not result in a decision that was contrary to

or that involved an unreasonable application of clearly

established federal laws, nor did it result in a decision that

was based on an unreasonable determination of the facts in

27

AO 72A
(Rev 8/82)

light of the evidence presented in the state court proceeding.
28 U.S.C. § 2254(d)(1)(2).

The final assertion, Ground five, is that the effective
assistance of counsel was not afforded by trial counsel who did
not object or move to strike the testimony when the District
Attorney of Potter County testified at trial that he was
"somewhat familiar with Mr. Bergstresser," that he "didn't
believe from ... what I had learned from the coroner that the
accident happened the way Mr. Bergstresser said it did," and
that "to me it didn't ring true what he was telling."  Counsel
also did not object or move to strike this (District
Attorney's) testimony: "We certainly don't file those charges
[including first degree murder] lightly.  It was only after
substantial investigation that the charges were in fact filed."

The Superior Court of Pennsylvania held this claim of
ineffective assistance of counsel to be without merit.  The
state appellate court's reasons were that District Attorney
Leber had testified "as a mere investigator of the incident

28

contributing the information he obtained by interviewing

appellant the morning of the incident"; that "[r]eferences to

the manner in which a criminal investigation is conducted were

in no way prejudicial to appellant"; that "Leber's statements

regarding the investigation of appellant are tantamount to an

investigating officer's description of the manner in which the

case was developed"; that since "Potter County's district

attorney's office consists of one part-time assistant district

attorney, it is understandable why the prosecution's

investigation must be conducted at least in part by one of its

two employees"; and that "any statements made by Leber as

District Attorney [were] harmless as they were not presented to

exercise his position as District Attorney or bolster his

credibility as an investigator."


        We conclude here that these determinations by the

Pennsylvania Superior Court do not constitute determinations

that are exempted from review pursuant to 28 U.S.C.

§ 2254(d)(2).


                                29

        In presenting a justification for District Attorney

Leber to have testified, the Answer to Petition states:

> The District Attorney of Potter County,
> Jeff Leber, was a primary witness as he
> conducted the initial investigation on behalf
> of the Potter County District Attorney's
> office. ... Mr. Leber testified as to his
> investigation...

The Commonwealth does not identify a probative inference that

was established by District Attorney Leber's testimony.  There

was not any significant probative inference established through

the testimony of District Attorney Leber.  If his testimony had

been presented only to establish that he was involved in the

investigation and had interviewed Bergstresser, there would

have been no probative inference established but also no

significant arguable prejudice.  But he made other assertions,

and these assertions did not further a legitimate prosecutorial

purpose.


        The testimony of District Attorney Leber was in the

nature of vouching for the prosecution's cause and for the

merit of the prosecution's charges.  It was also presented to

diminish the credibility of Bergstresser's account of the

AO 72A
(Rev 8/82)

incident, that Campbell had jumped from the vehicle, by diminishing Bergstresser's credibility through a general reference to Mr. Leber's prior knowledge of Bergstresser.

It was faulty advocacy for defense counsel to permit, without objection, the elected District Attorney of the County to testify that he had an opinion concerning the credibility of the defendant and that in his opinion the defendant was not credible and to permit the District Attorney, from the witness stand, to vouch for the Commonwealth's case.

However, even though there was arguable potential prejudice here arising from the District Attorney's testimony and therefore from the lack of an objection to it, we do not in the light of the verdict in this case believe that there is reason to find the defense to have been prejudiced by counsel's election not to object to the testimony of District Attorney Leber or failure to do so.   The result of the trial would not likely have been different without this objectionable testimony.

31

It is not reasonable here to conclude that the trial result might have been different without the District Attorney's testimony because the highest degree of homicide of which the jury convicted Bergstresser was involuntary manslaughter and vehicular homicide by a drunk driver.    If Bergstresser had been convicted of a higher degree of murder, a different finding as to prejudice would seemingly be warranted. The defendant's intoxication was not in dispute.    The competing theories of the circumstances resulting in death, whether Campbell jumped from the vehicle or was deliberately or carelessly run over, were presented here through varying experts' opinions.    Whether or not the jury believed that the victim had jumped from Bergstresser's vehicle, the evidence of Bergstresser's intoxication and that it was the cause of the victim's death was extremely strong.    A correlation between the District Attorney's vouching and convictions for involuntary manslaughter and vehicular homicide while driving under the influence does not emerge upon examination.

32

In *Maurer v. Department of Corrections*, 32 F.3d 1286 (8th Cir. 1994), where the evidence of rape was extremely close and where the jury's task came down to a credibility contest, several witnesses' vouching testimony that the victim had appeared to be sincere when she reported a rape was found by the court to have been probably crucial to the jury's ultimate finding of guilt.  The vouching testimony by District Attorney Leber here was not arguably crucial to the jury's finding of guilt under the involuntary manslaughter count or the homicide by vehicle count, although it might have been as to an intentional murder.  In *Buehl v. Vaughan*, 166 F.3d 163 (3d Cir. 1999), cited by the petitioner, ineffective assistance of counsel was not found to have occurred and the decision appears to us to be of no utility in our inquiry here.  In *United States v. Murray*, 103 F.3d 310, 321-22 (3d Cir. 1997), a federal prosecution, the ruling of the Court of Appeals that the trial court had erred in admitting the testimony of a police officer concerning the credibility of a witness was a ruling based upon Rule 608(b) of the Federal Rules of Evidence. The decision in *Murray* does not support the petitioner here

33

AO 72A
(Rev 8/82)

because it does not hold that there is a federally protected
right apart from an evidentiary rule at stake in that case;
however, in any event, the impropriety of the admissibility of
the evidence under state law is the material consideration for
purposes of the ineffective assistance of counsel claim.

We again refer to and adopt the Superior Court's
finding that Bergstresser either intentionally killed Campbell
or her death was caused by his intoxication.  We do not find
there to have been prejudice to the defense arising from
counsel's errors.

Concluding there to have been no violation of the
federally protected rights of the petitioner in any of the
trial occurrences involved in the claims presented here, we
will deny the petition for a writ of habeas corpus.

34

**IT IS ORDERED** that the petition is **DENIED**.  A

certificate of appealability shall not issue.


J. Andrew Smyser
Magistrate Judge


Dated:    January  9 , 2001.

AO 72A



UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 9, 2001

Re:  1:00-cv-01713   Bergstresser v. Shannon


True and correct copies of the attached were mailed by the clerk
to the following:

      Peter Goldberger, Esq.
      50 Rittenhouse Place
      Ardmore, PA  19003-2276

      Jeffrey E. Leber, Esq.
      1 East 3rd Street
      P.O. Box 429
      Coudersport, PA  16915

      District Attorney of Potter County
      1 East 3rd Street
      Loudersport, PA  16915

      Attorney General of Commonwealth
      Office of the Attorney General
      15th Floor, Strawberry Square
      Harrisburg, PA  17120


cc:
Judge                      (  )
Magistrate Judge           (  )
U.S. Marshal               (  )
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  ) with N/C attached to complt. and served by:
                               U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5        (  )
Order to Show Cause        (  ) with Petition attached & mailed certified mail
                               to:  US Atty Gen   (  ) PA Atty Gen (  )